IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEE CLIFTON, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-01035-STA-egb |
| | ) | JURY DEMAND |
| BETTYE PATRICK, et al., | ) | |
|     Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS OF DEFENDANT PATRICK

Defendant Bettye Patrick has filed a motion to dismiss the claims brought against her in this action filed by Plaintiff Terry Lee Clifton pursuant to 42 U.S.C. § 1983. (ECF No. 30.) Plaintiff has filed a response to the motion. (ECF No. 37.) For the reasons set forth below, Defendant's motion is **DENIED**.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In the present case, the complaint contains enough facts "to state a claim to relief that is plausible on its face." Defendant Patrick's motion states that she has no memory of "the case with Mr. Clifton," she has not been an employee with the Tennessee Board of Probation and Parole since 2012, and she was "instructed by [her] former supervisors to file a report on Mr. Terry Clifton." (Mot., ECF No. 30.) As noted by Plaintiff, Defendant's lack of memory is not grounds to dismiss this lawsuit, and neither is the fact that she has not been employed with the Board since 2012. She was employed by the Board when she issued Plaintiff's parole violation report in 2010, and that is the conduct on which Plaintiff's claims for relief are based. Whether or not Defendant was instructed by her supervisors to issue that report is also immaterial for purposes of this Court's analysis.

Accordingly, the motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 27, 2017