# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TERRY LEE CLIFTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:17-cv-01035-STA-egb |
| ) | |
| BETTYE PATRICK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO DISMISS OF DEFENDANT BETTYE PATRICK

Plaintiff Terry Lee Clifton has filed a complaint for damages pursuant to 42 U.S.C. § 1983 against now retired Tennessee Board of Parole ("TBOP") Chairman Charles Traughber, TBOP District Director Jeff Barnett, TBOP Deputy District Director James Beard, and TBOP Officers Bettye Patrick and Charlotte Richey,[1] alleging that his due process rights were violated during his 2011 parole revocation proceedings. Plaintiff has also sued John Does 1-10, employees of TBOP or the Tennessee Department of Correction ("TDOC").[2] Defendant Patrick has filed a motion to dismiss the complaint against her. (ECF No. 42.) Plaintiff has filed a response to the motion (ECF No. 43), and Defendant has filed a reply to Plaintiff's response. (ECF No. 45.) For the reasons set forth below, Defendant's motion is **GRANTED**.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125,

---

[1] A default judgment was granted against Defendant Richey on August 10, 2017. (ECF No. 44.)

[2] Parole supervision functions are performed by the TDOC; thus, parole officers and supervisors are employees of the TDOC.

1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In his complaint, Plaintiff alleges that Defendant Patrick was a parole officer at the time of the relevant events. While on parole, Plaintiff was assigned to Defendant Patrick's supervision. Defendant ordered Plaintiff to appear for an administrative case review hearing on July 13, 2010. When Plaintiff arrived at the TBOP office, he learned that the meeting was actually a supervisory intervention. Defendant told Plaintiff that April Knight, an assistant public defender, had lodged a complaint against him. Defendant allegedly offered to let Plaintiff remain on parole, rather than violate him, if he paid her $300 - $500 every month. Plaintiff refused to do so. Subsequently, TBOP issued a parole violation warrant for Plaintiff's arrest. A revocation hearing was held, and, upon conclusion of the hearing, Plaintiff's parole was revoked.

The Board denied Plaintiff's administrative appeal on July 6, 2011.[3]

On May 18, 2017, Defendant Patrick filed a motion to dismiss. (ECF No. 30.) She did not raise the statute of limitations in her motion. The motion was denied on June 27, 2017. (ECF No. 40.) Before the Court is Defendant's second motion to dismiss which claims that the action against her is barred by the statute of limitations. Plaintiff exhausted his administrative remedies on July 6, 2011, when his appeal of his parole revocation was denied. According to Defendant, the time period to file a § 1983 action expired one year later on July 6, 2012. Plaintiff's complaint was not filed until March 6, 2017. Plaintiff has responded that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), his cause of action under § 1983 for damages resulting from his unconstitutionally defective parole revocation hearing did not arise until the revocation was set aside in his habeas case and a new hearing ordered on March 8, 2016.

As an initial matter, Plaintiff contends that Defendant waived her statute of limitations defense because she did not raise it in her first motion to dismiss. As noted by Plaintiff, it is well-settled that "[a] response to a pleading must set forth any matter constituting an affirmative defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Accordingly, the "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Id.* (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). However, Defendant Patrick has not filed a responsive pleading. Instead, she filed a motion to dismiss, and a motion to dismiss is not a responsive

---

[3] In *Clifton v. Easterling*, Civ. No. 1:11-cv-01347, 2016 WL 918049 (W.D. Tenn. Mar. 8, 2016), Plaintiff filed a petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Parole Board revoking his parole on the ground that his due process rights had been violated during the revocation proceedings. The Court granted Plaintiff's petition on March 8, 2016, and ordered the Parole Board to conduct a new revocation hearing. On October 26, 2016, the Parole Board held another hearing and voted in early November to re-release Plaintiff on parole. (ECF No. 101.)

pleading. *See Youn v. Track, Inc.*, 324 F.3d 409, 416 n. 6 (6th Cir. 2003); *accord Marcum v. G.L.A. Collection Co.*, 2008 WL 2325600 at *1 (E.D. Ky. June 4, 2008).

Even if her first motion to dismiss was a responsive pleading, failure to plead an affirmative defense such as the statute of limitations does not invariably result in waiver. *See Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir. 1993). In deciding whether waiver has occurred, courts look to the purpose of Fed. R. Civ. P. 8(c) which is to give the opposing party timely notice of the affirmative defense and an opportunity to respond. *Smith,* 117 F.3d at 969. Accordingly, courts have allowed an affirmative defense to be raised after the first responsive pleading when the opposing party had notice and did not demonstrate prejudice. *See*, *e.g.*, *Stupak-Thrall v. Glickman,* 346 F.3d 579 (6th Cir. 2003) (explaining that the party opposing the statute of limitations defense is not prejudiced when he "had a fair opportunity to respond" and was not "unfairly surprised").

"If a [party] receives notice of an affirmative defense by some means other than pleadings, the [opposing party's] failure to comply with Rule 8(c) does not cause ... any prejudice." *Huss v. King Co.,* 338 F.3d 647, 651 (6th Cir. 2003). In *Griffin v. Reznick*, 609 F. Supp. 2d 695, 708–09 (W.D. Mich. 2008), the Court found that two of the defendants had not waived their affirmative defense by raising it in a motion rather than in their answer because the affirmative defense had been raised in the answer of the other defendants ("Well before Royal and Nielson filed this motion, the filing of those other answers put the Griffins on notice that the statute of limitations was being asserted as a possible ground for dismissal of the FDCPA claim.") *See also P. & E. Elec., Inc. v. Utility Supply of America, Inc.*, 655 F. Supp. 89, 95 n. 1 (M.D. Tenn. 1986) (finding that, although certain defendants did not plead the statute of

limitations as an affirmative defense in their answers, "the defense of statute of limitations was raised by each of the other defendants and responded to by the plaintiff. The issues raised by that defense would be identical for the defendants Don Wood and Utility. [T]he interests of justice require the Court to consider the defense as not having been waived.") (citation omitted)).

In the present case, Plaintiff cannot (and has not) claimed that he was surprised by Defendant Patrick's statute of limitations defense in light of the motions to dismiss of the other defendants raising this same defense, nor has he claimed that he will be unfairly prejudiced if the Court considers the defense. Because Plaintiff had a fair opportunity to respond to Defendant Patrick's statute of limitations argument, the Court finds that Plaintiff will suffer no prejudice by allowing the defense and, therefore, Defendant Patrick did not waive her defense.

Turning now to the defense itself, it is undisputed that federal courts apply the state personal injury statute of limitations in actions brought under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The statute of limitations for personal injury arising in Tennessee and brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3). The statute of limitations is tolled for the period of time during which the plaintiff is exhausting his available administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). In the present case, the Court must decide whether Plaintiff's § 1983 cause of action accrued when he exhausted his administrative remedies, which would make this action untimely, or when the Court granted his habeas petition under 28 U.S.C. § 2254, which would make the action timely.[4]

Ordinarily, a plaintiff has no cause of action under § 1983 unless and until his conviction or sentence are invalidated by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489. "This

---

[4] Clearly, any cause of action that Plaintiff has against Defendant Patrick for her alleged attempt to extort money from him in July 2010 is barred by the one year statute of limitations.

'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief - challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749 (2004)). Thus, under *Heck* and its progeny, a state prisoner's § 1983 action is barred, absent prior invalidation of a confinement or its duration, "if success in [the § 1983] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

The Sixth Circuit has recognized that *Heck* applies to proceedings that call into question the fact or duration of parole or probation. *See Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (citation omitted). Accordingly, "claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Davis v. McGinnis*, 1999 WL 313857 at *1 (6th Cir. May 5, 1999) (citation omitted). However, in *Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003), *aff'd*, *Wilkinson v. Dotso*n, 544 U.S. 74 (2005), the Sixth Circuit distinguished challenges to parole proceedings, as opposed to the result of the parole hearing, from *Heck* and held that "a challenge to the procedures used during the parole process as generally improper or improper as applied in his case [which] will at best result in a new discretionary hearing the outcome of which cannot be predicted,. . . [is] a challenge cognizable under section 1983. . . . [P]rocedural challenges to parole . . . determinations . . . do not 'necessarily imply' the invalidity of the prisoner's conviction or sentence and, therefore, may appropriately be brought as civil rights actions, under 42 U.S.C. §

6

1983, rather than pursuant to an application for habeas corpus." *See also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (noting that *Heck* would bar an action under § 1983 if a plaintiff were seeking damages for reaching the wrong result in his parole revocation hearing rather than using the wrong procedures if his conviction had not been previously invalidated).

> The Sixth Circuit has explained that, in *Wilkinson*,
>
> the Court concluded that the plaintiffs' challenges to parole procedures could proceed under § 1983 because they did not automatically imply shorter sentences. Instead, the best outcome that one of the *Dotson* plaintiffs could obtain was a "new eligibility review, which will speed consideration of a new parole application." [544 U.S.] at 82. And success for the other plaintiff would entitle him "at most" to "a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." *Id.* Thus, *Dotson* establishes that when the relief sought in a § 1983 claim has only a potential effect on the amount of time a prisoner serves, the habeas bar does not apply.

*Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (footnote and emphases omitted).

In the present case, while *Heck* would have barred Plaintiff from bringing a § 1983 action until his parole revocation was overturned if he had been challenging the fact of his revocation, it did not bar a § 1983 action claiming that his due process rights were violated during the parole revocation proceedings. *See, e.g., Royster v. Imbrogno*, 2017 WL 1365793 at *2 (S.D. Ohio Apr. 14, 2017), *R. & R. adopted*, 2017 WL 2378403 (S.D. Ohio June 1, 2017) (finding that because "Petitioner is not necessarily asking for his immediate release from prison, but only a hearing that is, in his view, free from procedural defects" and "[t]hat type of claim can also be brought under 42 U.S.C. § 1983," his claim accrued on the date that he was denied parole); *Murdock v. Bruce*, 2017 WL 1322075 at *6 (M.D. Tenn. Mar. 24, 2017) (finding that, to the extent the plaintiff challenges "the processes of the parole hearing," the allegations can be made in a § 1983 action because "the logical remedy ... would be a new hearing at which no result would be necessarily implied"); *Horton v. Groat*, 2006 WL 1752393 *2 (W.D. Mich. June 23, 2006) ("Prisoners may challenge the process of parole revocation proceedings, but not the result

7

of those proceedings, under § 1983.") *C.f. Anyanwutaku v. Moore*, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998) (noting that, when a complaint alleges procedural defects in the parole revocation process, such a challenge is not barred by *Heck*). *See also Smith v. Sampson*, 2010 WL 750195 *2 (E.D. Mich. Mar. 3, 2010) ("The Court notes that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing [when] success in the action would not necessarily call for an immediate or speedier release from custody. However, Plaintiff's false and inaccurate information claims go to the propriety of the parole revocation decision itself such that ruling on those claims in Plaintiff's favor would necessarily demonstrate the invalidity of his incarceration.") (citing *Wilkinson* and *Eby*)); *Williams v. Rubitschun*, 2005 WL 3050445 at *2 (W.D. Mich. Nov. 14, 2005) ("Plaintiff's contention is that the Defendants' decision to revoke parole was against the great weight of the evidence [when] the county prosecutor had not found probable cause to charge Plaintiff with a crime.... If, however, Plaintiff is challenging the procedures used during his parole revocation hearing and is seeking a second hearing using proper procedures, he may proceed under § 1983 pursuant to *Wilkinson*.").

To the extent that Plaintiff contends that Defendant's action was a "continuing violation" of § 1983 which resulted in his not being released until 2016, this contention is without merit. "The Sixth Circuit has previously recognized two distinct categories of continuing violations, namely, those alleging serial violations and those identified with a longstanding and demonstrable policy of discrimination."[5] *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citations omitted). The first category of continuing violations "cannot be said to occur on any particular day, but occur over a series of days or years." *Id.* at 267. That category is not

---

[5] The Sixth Circuit employs the continuing violations doctrine most commonly in Title VII cases and rarely extends it to § 1983 actions. *See, e.g., LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 n. 3 (6th Cir. 1995).

applicable to the facts of this case because Defendant's alleged acts were discrete and occurred on a particular day. Neither is the second category applicable because Plaintiff has not alleged that Defendant's actions were part of a "longstanding and demonstrable policy of discrimination." Therefore, Plaintiff cannot avail himself of this theory. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.") (citations omitted)).

Because Plaintiff's allegations are based on the lack of due process afforded him in the parole revocation proceedings rather than the fact or duration of his confinement, i.e., the parole revocation itself, he was not required under *Heck* to file a habeas petition and obtain a favorable result before proceeding under § 1983. Therefore, the statute of limitations for the present action began to run in July 2011, when Plaintiff exhausted his administrative remedies, and this action is barred by the statute of limitations. Accordingly, Defendant Patrick's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

           **s/ S. Thomas Anderson**
           S. THOMAS ANDERSON
           CHIEF UNITED STATES DISTRICT JUDGE

Date: October 5, 2017.