IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY LEE CLIFTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-01035-STA-egb |
| | ) |
| BETTYE PATRICK, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING JOHN DOE DEFENDANTS

On December 4, 2017, the Court ordered Plaintiff to show cause why the claims against John Does 1 – 10 should not be dismissed for failure to prosecute because the Doe Defendants have not been identified or served with process. (ECF No. 66.) After receiving an extension of time, Plaintiff (now pro se) filed his response on February 5, 2018. (ECF No. 72.)

As an initial matter, the Court notes that Plaintiff has requested that his former counsel "be allowed to continue on his case." (*Id.* at p. 3.) The Court previously found good cause to grant counsel's motion to withdraw because Plaintiff had filed a complaint with the Board of Professional Responsibility against his attorneys. (ECF No. 65.) Plaintiff has presented no facts or arguments to convince the Court that the decision granting the motion was in error.

Plaintiff contends that his attorneys knew the names of the John Does at the time that the complaint was filed but failed to name them as defendants. Contradictorily, he also contends that his attorneys should have obtained the names during discovery. Absent extraordinary circumstances, which are not present in this case, attorney error is not a sufficient basis for "prolonging litigation against the original adversary." *See e.g.*, *U.S. v. 8135 Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the

original adversary.") Nor, generally, is it a sufficient basis for the equitable tolling of the statute of limitations. *See*, *e.g.*, *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling.").

In the present case, it does not matter whether Plaintiff's counsel knew the John Doe names when the complaint was filed or failed to learn the names through discovery because, as this Court previously ruled, the statute of limitations had already run on Plaintiff's claims that his due process rights were violated before and during his March 31, 2011, parole violation hearing when he filed his complaint in this Court. (Order, p. 10, ECF No. 46.) ("Therefore, the statute of limitations for the present action began to run in July 2011, when Plaintiff exhausted his administrative remedies, and this action is barred by the statute of limitations.") Accordingly, to the extent that Plaintiff alleges that the John Doe Defendants violated his civil rights prior to March 6, 2016 (one year before the complaint was filed), those claims are now barred.

In his response to the order to show cause, Plaintiff names the State of Tennessee, the Department of Correction, City Court Judge Blake Anderson, Assistant District Attorney Jody Pickens, Jackson Police Department Detective Tyreece Miller, Public Defender April Knight,[1] and Board of Parole members who are in charge of the warrant division and the handling of parole records as the Doe Defendants. Plaintiff contends that these defendants violated his rights by issuing the parole warrant, intentionally filing a false report, and intentionally destroying his parole file. The issuing of the parole warrant and the alleged filing of a false report all occurred before March 6, 2016. These actions were allegedly taken by City Court Judge Anderson, Assistant District Attorney Pickens, Detective Miller, Public Defender Knight, and Board of

---

[1] Public Defendant Knight is mentioned numerous times in the complaint and could have been identified as a defendant but was not.

Parole members who are in charge of the warrant division. Thus, any claims against these individuals are barred by the statute of limitations.

The claims against the State of Tennessee and the Tennessee Department of Correction are also barred by Eleventh Amendment immunity. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity is a jurisdictional bar, and, unless that immunity is expressly waived, a state and its agencies may not be sued for damages and injunctive relief in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Tennessee has not waived immunity in this action and thus is not subject to suit. For the same reason, any suit against the Tennessee Department of Correction is also barred.

Even if the claims against City Court Judge Anderson were not barred by the statute of limitations, he is entitled to absolute judicial immunity which protects judges from claims based on "judicial act[s] taken within [the] court's jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). In this case, the signing of a warrant was a judicial function.

Likewise, Assistant District Attorney Pickens is immune from suit, even if the claims against him were not time-barred. Claims against a district attorney general in his individual capacity for actions taken in his role as prosecutor fail because he is entitled to prosecutorial immunity. *Burns v. Reed*, 500 U.S. 478, 486 (1991)

As for the parole board members/employees who facilitated the warrant for Plaintiff's parole revocation, this Court has determined that

[a]bsolute immunity also extends "to certain others who perform functions closely associated with the judicial process," which is generally referred to as quasi-judicial immunity. Quasi-judicial "immunity extends to state parole officers performing functions that are judicial in nature." *Jenkins v. Michigan Department of Corrections*, 2015 WL 5244420 at *3 (E.D. Mich.,

Sept. 8, 2015). "[A] parole board is entitled to absolute immunity for activities related to 'the execution of parole revocation procedures.'" *Wright v. McClain*, 626 F. Supp. 1073, 1073 (W.D. Tenn. 1986) (citation omitted).

(Order, p. 3 (footnote and some citations omitted), ECF No. 46.) Thus, claims against these individuals are barred by both the statute of limitations and quasi-judicial immunity.

Finally, the Court must consider whether Plaintiff's claims that Board of Parole members allegedly destroyed files and records prior to the second parole hearing on July 6, 2016, are barred. Plaintiff has not advised the Court of these individuals' names. As previously noted, the complaint was filed on March 6, 2017. If these individuals had been named in the complaint, the claims against them would not have been time-barred for actions occurring after March 6, 2016. However, at this juncture, the alleged events occurred more than twenty months ago, and the issue is whether Plaintiff should be permitted to add still unnamed individuals to his complaint.

The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant. *Cross v. City of Detroit*, 2008 WL 2858407 at *1 (E.D. Mich. July 23, 2008) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3rd Cir. 2003) (dismissing the civil rights claim against a police officer who the plaintiff had named as John Doe because the plaintiff "did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations"); *see also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when a plaintiff "simply did not know whom to sue or opted not to find out within the limitations period" and "waited until the last day of the ... limitations period to file his complaint, [which] left no time to discover the identity of his arresting officers within the relevant time").

[T]he requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint ... It is familiar law that

4

"John Doe" pleadings cannot be used to circumvent statutes of limitations, because replacing a "John Doe" with a named party in effect constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.

*Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *see also Eady v. Young*, 2013 WL 11328159 at *4 (E.D. Tenn. Feb. 6, 2013) (stating that Rule 15(c) allows relation back for the mistaken identification of defendants, not for "John Doe" defendants).

In *Cox*, 75 F.3d at 239-40, the plaintiffs sued "unnamed police officers" of the City of Louisville and the Kentucky State Police. Although the statute of limitations expired on June 20, 1991, the plaintiffs filed an amended complaint on March 30, 1992, in which they named four police officers as additional defendants. *Id.* The Sixth Circuit affirmed the dismissal of the additional defendants, holding that new parties may not be added after the statute of limitations has run. *Id.* at 240. "The naming of 'unknown police officers' in the original complaint does not save the pleading. Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Id.* Therefore, the requirements of Fed. R. Civ. P. 15(c) had to be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint. *Id.* The Sixth Circuit noted that a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a "mistake concerning the party's identity" within the meaning of Rule 15(c). *Id.*

Thus, in this case, amendment would be proper only if: (1) the claims against the unnamed parole officers/employees arise out of the same transaction or conduct as set forth in the complaint; (2) the parole officers/employees have notice of the purported claims against them such that they will not be prejudiced in maintaining their defenses; and (3) they "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). Although the first requirement

5

has been met, there is nothing in the record showing that the parole officers/employees had notice of the purported claims against them or should have known of those claims and would not be prejudiced in maintaining their defenses but for a mistake concerning their identity.

Moreover, the Board of Parole members who allegedly destroyed files and records prior to the second parole hearing on July 6, 2016, have still not been identified. Therefore, even if the Court construed Plaintiff's response to the order to show cause as a motion to amend the complaint, the motion would have to be denied.

For these reasons, the Court finds that Plaintiff has failed to show good cause why the John Doe Defendants should not be dismissed. Accordingly, any claims against these individuals are hereby **DISMISSED**, and the John Doe Defendants are **DISMISSED** from the action.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 12, 2018