# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TERRY LEE CLIFTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-01035-STA-egb |
| | ) |
| BETTYE PATRICK, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION ON DAMAGES, DIRECTING CLERK TO ENTER JUDGMENT, AND DENYING CERTIFICATE OF APPEALABILITY

A default judgment was granted against Defendant Richey on August 10, 2017. (ECF No. 44.) On December 4, 2017, the Court referred the setting of the amount of damages that should be awarded against Defendant Richey and Plaintiff's Motion to Set Damages Against Defendant Charlotte Richey (ECF No. 57) and Motion for Court Order Requiring the State to Pay the Damages Upon Behalf of Defendant Richey (ECF No. 58) to the United States Magistrate Judge for a Report and Recommendation.

After a hearing, at which Defendant Richey appeared but Plaintiff did not appear, the Magistrate Judge submitted his report on June 5, 2018. (ECF No. 82.) In his report, he recommended that no damages be awarded against Defendant Richey and that the motions be denied as moot.

The Order of Reference stated that any objections to the Magistrate Judge's order must be made within fourteen days after service of the order, setting forth particularly those portions of the order objected to and the reasons for the objections. Plaintiff was cautioned that the failure to timely assign as error a defect in the Magistrate Judge's order would constitute a waiver of that

objection. *See* Fed. R. Civ. P. 72. The requisite time has passed, and Plaintiff has not filed any objections.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report in its entirety. No damages are awarded against Defendant Richey, Plaintiff's motions (ECF Nos. 57, 58) are **DENIED**, and, because all other issues have been resolved, this matter is **DISMISSED**.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed as time-barred by the applicable statute of limitations and that the individual defendants were entitled to qualified immunity but the suit has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to grant Defendants'

motions to dismiss and to award no damages against Defendant Richey also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 29, 2018

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.